UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ARTUR C. LEZAMA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. C10-877-TSZ-BAT |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| RON FRAKER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Pro se* petitioner Artur C. Lezama seeks 28 U.S.C. § 2254 habeas relief from his Washington state court conviction for first-degree arson. Mr. Lezama raises three claims: (1) there was insufficient evidence to support his conviction; (2) his right to due process was violated because the state failed to conduct a proper field examination or to submit the evidence to a "crime laboratory investigation"; and (3) the prosecutor committed misconduct by improperly commenting on Mr. Lezama's guilt. (Dkt. 1, at 5–22.[1]) The Court recommends **DENYING** Mr. Lezama's § 2254 petition and **DISMISSING** this matter with prejudice because Claim 2 is procedurally defaulted and the state-court adjudication of his other claims was not contrary to, or an unreasonable application of, established federal law, and was not an unreasonable

---

[1] The Court refers to the pagination of the official, scanned documents rather than to the parties' pagination.

REPORT AND RECOMMENDATION- 1

1    determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)–(2).

2    The Court need not hold an evidentiary hearing because the record refutes Mr. Lezama's factual

3    allegations.  The Court recommends **DENYING** the issuance of a certificate of appealability.

## I.    BACKGROUND

5        The Court Commissioner for the Washington Court of Appeals summarized the facts:

> Octavio Hernandez owns a home in Seattle and rents rooms out to
> boarders.  Hernandez lives upstairs in the residence and the rented rooms
> are in the basement.  Lezama showed up at the residence before
> Thanksgiving Day in 2006 and said he was the brother of one of
> Hernandez's tenants.  Hernandez thought Lezama would only be staying a
> few days. However, Lezama was still around after Thanksgiving.
> Hernandez told Lezama to leave but he refused.
>
> On November 28, 2006, Hernandez was fixing a toilet in the basement.
> Lezama was present with a friend.  Hernandez noticed that his cell phone
> was missing and accused Lezama and his friend of taking it.  The two
> denied the allegation and went to sit in the friend's car. Hernandez called
> his cell phone from his home phone and heard it ring in the car.  Lezama
> took the phone from his pocket and threw it onto the floor of the car.
> Hernandez retrieved his phone and resumed working on the toilet. Lezama
> began throwing beer bottle caps at him and playing loud music.
> Hernandez told him to stop but Lezama was insulting and combative,
> urging Hernandez to fight him.  Hernandez went upstairs and called the
> police.
>
> The police talked to Lezama and Hernandez, eventually telling Hernandez
> that he would have to evict Lezama if he wanted to solve the problem.
>
> After the police left, Lezama went to the outside of the upstairs area and
> taunted Hernandez because the police did not do anything.  Lezama
> returned to the downstairs area and played his music louder.  Lezama was
> yelling, cursing and pounding on the doors and walls.  Hernandez called
> the police again and they advised him to evict Lezama.
>
> Hernandez heard something cracking in the basement and went to see
> what it was Lezama was breaking glass and Hernandez could see smoke
> and flames in a closet area.  Hernandez threw water on the fire.  When he
> asked Lezama why he set the fire, Lezama told him he did it because he
> wanted to, because he did not like Hernandez, and because he could do
> whatever he wanted.  Lezama and his friend were drinking and laughing.
> Lezama said he started the fire.

REPORT AND RECOMMENDATION- 2

> Hernandez called the police, who responded and notified the fire department.  The next day, Laurence Canary, a King County Fire Investigator, investigated the scene and interviewed Lezama.  Canary concluded that the fire was intentionally set.  Lezama admitted to Canary that he started the fire.

> The State charged Lezama with first degree arson and malicious mischief.  After the jury was selected but before testimony was taken, the State informed the court that it had learned the malicious mischief charge could only be supported by hearsay and dropped the charge.  Lezama elected to proceed with the jury that had already been selected.

> Hernandez testified as set out above.  Lezama testified that he was smoking a cigarette and carelessly tossed it into a clothes hamper, accidentally starting the fire.  Lezama denied most of Hernandez' testimony regarding the confrontations between the two.

> The jury found Lezama guilty as charged.  Based on an offender score of 6, the trial court imposed a sentence of 67 months, the low end of the standard range.

(Dkt. 12 (State Court Record, hereinafter "SCR"), Exh. 3, at 1–3 ("Commissioner's Ruling Granting Motion on the Merits").)  Mr. Lezama appealed through counsel (SCR, Exh. 5), and also filed a *pro se* statement of additional grounds for review (SCR, Exh. 6).  The Court Commissioner for the Washington Court of Appeals granted a motion on the merits and affirmed Mr. Lezama's conviction for first-degree arson.  (SCR, Exh. 3.)  The Washington Court of Appeals then denied Mr. Lezama's motion to modify the ruling.  (SCR, Exh. 9.)  On April 28, 2009, the Washington Supreme Court denied Mr. Lezama's *pro se* petition for review without commenting on the merits.  (SCR, Exh. 11.)  The mandate on the direct appeal issued on June 12, 2009.

On April 28, 2009, Mr. Lezama filed a *pro se* state personal restraint petition ("PRP").  (SCR, Exh. 13.)  On May 27, 2009, the Acting Chief Judge of the Washington Court of Appeals dismissed the PRP.  (SCR, Exh. 15.)  On October 2, 2009, the Supreme Court denied Mr. Lezama's motion for discretionary review of the PRP (SCR, Exh. 4), and the order of the court

REPORT AND RECOMMENDATION- 3

1  of appeals became final on December 30, 2009.  (SCR, Exh. 17.)

2       On May 23, 2010, Mr. Lezama filed his 28 U.S.C. § 2254 petition for writ of habeas

3  corpus.  (Dkt. 1, at 14.)

4                    **II.    DISCUSSION**

5       Mr. Lezama raises three claims: (1) there was insufficient evidence to support his

6  conviction; (2) his right to due process was violated because the state failed to conduct a proper

7  field examination or to submit the evidence to a "crime laboratory investigation"; and (3) the

8  prosecutor committed misconduct by improperly commenting on Mr. Lezama's guilt.  (Dkt. 1, at

9  5–22.)  Respondent responds that Mr. Lezama's Claim 2 is procedurally defaulted because it was

10  not fairly presented for consideration by the state courts and it is now time-barred from state-

11  court consideration; and that Claims 1 and 3 lack merit.

12      **A.    Habeas Standard of Review**

13      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

14  court may grant habeas relief on a claim "adjudicated on the merits" in state court only if the

15  decision "was contrary to, or involved an unreasonable application of, clearly established Federal

16  law, as determined by the Supreme Court of the United States," or if the decision "was based on

17  an unreasonable determination of the facts in light of the evidence presented in the State Court

18  proceeding."  28 U.S.C. § 2254(d)(1)–(2); *see Waddington v. Sarausad*, __ U.S.__, 129 S. Ct.

19  823, 831 (2009).   Under the "contrary to" clause of § 2254(d)(1), a federal habeas court may

20  grant the writ only if the state court arrives at a conclusion opposite to that reached by the

21  Supreme Court on a question of law, or if the state court decides a case differently than the

22  Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529

23  U.S. 362, 405 (2000).   Under the "unreasonable application" clause of § 2254(d)(1), a federal

REPORT AND RECOMMENDATION- 4

habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 407-09.   When the state court's application of governing federal law is challenged, its decision "must be shown to be not only erroneous, but objectively unreasonable." *Waddington*, 129 S. Ct. at 831 (citation and quotation marks omitted); *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).   "[S]tate court findings of fact are presumed correct unless rebutted by clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003).   The state appellate court's factual findings are entitled to the same presumption of correctness afforded to the trial court's findings.  *Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004).  It is an open question, however, whether state factual findings are presumed correct, in accordance with § 2254(e)(1), when examining the state-court's factual findings under § 2254(d)(2), such that it is prudent to examine such determinations under the more lenient reasonableness standard.  *See Wood v. Allen*, __ U.S. __, 130 S. Ct. 841, 849 (2010).  Although the term "unreasonable" is difficult to define, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Id.*

When applying AEDPA, the federal court reviews the "last reasoned decision" by a state court.  *See Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  Here the last reasoned decision on Claim 1 was issued on direct appeal by the Court Commissioner for the Washington Court of Appeals.  (SCR, Exh. 3.)  The last reasoned decision on Claim 3 was issued on the PRP by the Commissioner for the Washington Supreme Court.  (SCR, Exh. 4.)  No reasoned opinion was issued on Claim 2 because Mr. Lezama raised the claim as a federal constitutional issue for the first and only time in his petition for discretionary review on direct appeal (SCR, Exh. 6, at 1,

1  5) and the Washington Supreme Court denied review without comment (SCR, Exh. 11).

2  **B.   Procedural Default**

3  In Claim 2, Mr. Lezama argues that his right to due process was violated because the state

4  failed to conduct a proper field examination or to submit the evidence to a "crime laboratory

5  investigation."  The Court need not consider Claim 2 because it runs afoul of the doctrine of

6  procedural default, which is related to, but distinct from, the doctrine of exhaustion:

> In habeas, the sanction for failing to exhaust properly (preclusion of review
> in federal court) is given the separate name of procedural default, although
> the habeas doctrines of exhaustion and procedural default "are similar in
> purpose and design and implicate similar concerns.  In habeas, state-court
> remedies are described as having been "exhausted" when they are no longer
> available, regardless of the reason for their unavailability. Thus, if state-
> court remedies are no longer available because the prisoner failed to
> comply with the deadline for seeking state-court review or for taking an
> appeal, those remedies are technically exhausted, but exhaustion in this
> sense does not automatically entitle the habeas petitioner to litigate his or
> her claims in federal court.  Instead, if the petitioner procedurally defaulted
> those claims, the prisoner generally is barred from asserting those claims in
> a federal habeas proceeding.

14  *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) (citations omitted); *see Franklin v. Johnson*, 290

15  F.3d 1223, 1230 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal

16  claim applies only when a state court has been presented with the federal claim, but declined to

17  reach the issue for procedural reasons, or if it is clear that the state court would hold the claim

18  procedurally barred.") (citations omitted and internal quotation marks removed).  If a petitioner's

19  federal claim is procedurally defaulted in the state courts, it is procedurally defaulted on federal

20  habeas review unless he "can establish cause and prejudice or that a miscarriage of justice would

21  result in the absence of our review."  *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996);

22  *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "Procedural default is an affirmative

23  defense, and *the state has the burden* of showing that the default constitutes an adequate and

REPORT AND RECOMMENDATION- 6

1   independent ground for denying relief."  *Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009)

2   (internal quotation marks removed) (quoting *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th

3   Cir. 2005)).

4        Respondent has carried his burden of showing that Claim 2 is procedurally defaulted on

5   habeas review because Mr. Lezama did not properly exhaust state remedies and cannot return to

6   state court now because the issue would be held to be procedurally barred.  That is,

7   (1) respondent has shown that Mr. Lezama never fairly presented Claim 2 in order to properly

8   exhaust state remedies, (2) respondent has carried his burden of showing that in order to exhaust

9   Claim 2, Mr. Lezama would have to return to state court but is now barred by adequate and

10  independent state procedural rules from doing so, and (3) Claim 2 is procedurally defaulted for

11  habeas purposes unless Mr. Lezama can demonstrate cause and prejudice for the state-court

12  default or that a miscarriage of justice would result in the absence of federal review.

13       First, Mr. Lezama failed to properly exhaust Claim 2 because he never fairly presented it to

14  the Washington Court of Appeals.[2]  Mr. Lezama did not refer to due process or the federal

15  Constitution when he discussed the state's purported failure to follow more thorough forensic

16  practices in his statement of additional grounds for appellate review.  (SCR, Dkt. 6, at 5.)

17  Instead, he referred to this allegation under his umbrella claim that there was insufficient

18  [2] To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each
    appropriate state court, including the highest state court with powers of discretionary review,

19  thereby giving those courts the opportunity to act on his claim.  *Baldwin v. Reese*, 541 U.S. 27,
    29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see Casey v. Moore*, 386 F.3d 896,

20  916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on
    every level of direct review").  A petitioner fairly presents a federal claim only if he alerts the

21  state court that his claim rests on the federal Constitution.  *Fields v. Waddington*, 401 F.3d 1018,
    1020–21 (9th Cir. 2005).  In order to alert the state court, a petitioner must make reference to

22  provisions of the federal Constitution or must cite either federal or state case law that engages in
    a federal constitutional analysis.  *Id.*  "[F]or purposes of exhaustion, a citation to a state case

23  analyzing a federal constitutional issue serves the same purpose as a citation to a federal case
    analyzing such an issue."  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

REPORT AND RECOMMENDATION- 7

evidence to support his conviction.  (*Id.* at 1, 5.)  He cited two state-court cases, but neither refers

to due process of the law.[3]  Mr. Lezama raised Claim 2 as a federal constitutional question for

the first time in his *pro se* petition for discretionary review by the Washington Supreme Court.

(SCR, Exh. 10, at 5.)  Because the state supreme court denied the petition for discretionary

review summarily, it never reviewed the merits of Mr. Lezama's due process claim.  *See Ylst v.*

*Nunnemaker*, 501 U.S. 797, 801–02 (1991) (holding that although "[i]f the last state court to be

presented with a particular federal claim reaches the merits, it removes any bar to federal-court

review that might have been available," when a state's highest court denies discretionary review

without commenting such a decision does not reach the merits).

Second, respondent has shown that Claim 2 is now procedurally defaulted for federal habeas

review because Mr. Lezama is procedurally barred from returning to state court with this issue.

*See Coleman*, 501 U.S. at 735 n.1 (noting that there is procedural default for purposes of federal

habeas regardless of the decision of the last state court to which a petitioner actually presented

his claims "if the petitioner failed to exhaust state remedies and the court to which the petitioner

would be required to present his claims in order to meet the exhaustion requirement would now

find the claims procedurally barred.").  Under Washington law, a defendant may not collaterally

challenge a conviction more than one year after the conviction becomes final.  RCW

10.73.090(1).  Mr. Lezama's conviction became final for purposes of state law on June 12, 2009,

the date that the Washington Court of Appeals issued its mandate for his direct appeal.  RCW

10.73.090(3); (SCR, Exh. 12).  Because more than a year has passed since his conviction became

final, Claim 2 is now time-barred.  Moreover, Washington law also prohibits the filing of

successive collateral challenges absent a showing of good cause.  RCW 10.73.140; Wash. RAP

---

[3] Mr. Lezama cited *State v. Salinas*, 829 P.2d 1068 (Wash. 1992) and *State v. Phillips*, 991 P.2d 1195 (Wash. Ct. App. 2000).  (SCR, Exh. 6, at 1.)

REPORT AND RECOMMENDATION- 8

16.4(d).

Third, Mr. Lezama has failed to demonstrate either (1) cause for the default and actual prejudice, or (2) that failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.  Mr. Lezama has failed to show cause.  He could have raised Claim 2 as a federal constitutional issue in his *pro se* statement before the Washington Court of Appeals in the same way he raised it in his *pro se* petition for discretionary review before the Washington Supreme Court,[4] and he has failed to suggest any impediment to raising Claim 2 in his PRP.  *See, e.g.*, *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) ("When a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court. To hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would allow petitioners to wait until the jurisdictional period lapsed and then proceed directly to federal court. Such a result would be contrary to the principles of comity underlying the cause and prejudice rule.").  Mr. Lezama has failed to show prejudice.  Even if Mr. Lezama could demonstrate that under state law authorities should have conducted a more rigorous forensic examination of the evidence—and he cites no support for this proposition—federal habeas corpus relief does not lie for errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Washington Court of Appeals fully considered the sufficiency of the evidence and found it

---

[4] Mr. Lezama suggests that appellate counsel provided ineffective assistance by refusing to raise this due process challenge.  The Court need not address ineffective assistance of appellate counsel because Mr. Lezama has not raised it as a separate ground for habeas relief.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (holding that counsel's ineffectiveness in failing properly to preserve a claim for state-court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim) (citing *Murray v. Carrier*, 477 U.S. 478, 479 (1986)).  Moreover, Mr. Lezama cannot demonstrate that appellate counsel performed deficiently by declining to raise a claim that is supported by bare allegations without any foundation in the record or case law.

REPORT AND RECOMMENDATION- 9

1  to be overwhelming, notwithstanding Mr. Lezama's claim that the state was required to submit

2  more reliable forensic evidence.  (SCR, Exh. 3, at 4–5.)   That evidence included Mr. Lezama's

3  two admissions to having started the fire, Mr. Hernandez's testimony about Mr. Lezama's

4  escalating, volatile conduct, and the fire investigator's unequivocal testimony that the fire had

5  been intentionally set.  Moreover, this overwhelming evidence contradicts any suggestion that a

6  miscarriage of justice would result from declining to examine Mr. Lezama's procedurally

7  defaulted claim in the context of a federal habeas petition.  *See Schlup v. Delo*, 513 U.S. 298, 327

8  (1995) (holding that in order to demonstrate a miscarriage of justice, "the petitioner must show

9  that it is more likely than not that no reasonable juror would have convicted him in light of the

10  new evidence").

11      The Court finds that Claim 2 is procedurally defaulted and need not be considered on federal

12  habeas review.[5]

13  **C.    Insufficient Evidence**

14      In Claim 1, Mr. Lezama argues that there was insufficient evidence to convict him of first-

15  degree arson because there was insufficient evidence that he knew someone else was in the

16  house when he set fire to it.  This argument is contradicted by the record: substantial evidence

17  demonstrated that Mr. Lezama had to know that Mr. Hernandez was still in the building, and the

18  jury clearly rejected Mr. Lezama's testimony to the contrary.

19      When evaluating a claim of insufficiency of the evidence to support a conviction, the

20  question is not whether the Court itself believes that the evidence establishes guilt: "Instead the

21  relevant question is whether, after viewing the evidence in the light most favorable to the

22  prosecution, *any* rational trier of fact could have found the essential elements of the crime

23  _____

[5] The Court also finds that even if it were to examine Claim 2 on the merits, the claim would fail
based on the overwhelming evidence of Mr. Lezama's guilt.  *See also* discussion *infra*.

REPORT AND RECOMMENDATION- 10

1   beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  Under Washington

2   state law, "[a] person is guilty of arson in the first degree if he or she knowingly and maliciously:

3   . . . (c) Causes a fire or explosion in any building in which there shall be at the time a human

4   being who is not a participant in the crime . . . ."  RCW 9A.48.020(1).

5        Assuming, without deciding, that Washington law required proof that Mr. Lezama knew that

6   there was a human building in the building, the Court Commissioner for the Washington Court

7   of Appeals on direct appeal found there was more than sufficient evidence to support such a

8   determination:

9        Hernandez testified to an ongoing verbal confrontation with Lezama.  Just
         after Lezama yelled at Hernandez and taunted him because the police did
10       not do anything when Hernandez called them, Hernandez heard cracking
         and went to investigate.  He then found the fire, which Lezama admitted
11       setting.

12       Lezama offered some testimony suggesting that Hernandez may have left
         the house before Lezama started the fire, but the jury was entitled to make
13       its own credibility determination.

14       On this evidence, the jury could have easily concluded that Hernandez was
         present when Lezama started the fire and that Lezama knew Hernandez
15       was in the house.  The evidence is accordingly sufficient to sustain the
         jury's verdict.

16       Lezama has also filed a Statement of Additional Grounds for Review. . . .

17       . . . .

18       Lezama's challenge to the sufficiency of the evidence does not differ from
         that raised by his counsel.  For the reasons set out above it is rejected.
19

20   (SCR, Exh. 3, at 4–5.)

21        Nothing about the state court's evaluation of the evidence suggests that it was incorrect let

22   alone unreasonable.  The Court finds that the state-court adjudication of Claim 1 was not

23   contrary to, or an unreasonable application of, established federal law, and was not an

REPORT AND RECOMMENDATION- 11

1    unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C.

2    § 2254(d)(1)–(2).

3    **D.    Prosecutorial Misconduct**

4    In Claim 3, Mr. Lezama argues that the prosecutor committed misconduct by impermissibly

5    commenting on Mr. Lezama's guilt.  This argument is unsupported by the record.

6    With respect to a claim of improper comments by prosecutors, "[t]he relevant question is

7    whether the prosecutors' comments so infected the trial with unfairness as to make the resulting

8    conviction a denial of due process.  Moreover, the appropriate standard for such a claim on writ

9    of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory

10   power."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and

11   citations omitted).

12   The Commissioner for the Washington Supreme Court on the PRP evaluated Mr. Lezama's

13   claim of improper comments by the prosecutor as follows:

14         Finally, Mr. Lezama asserts the prosecutor engaged in misconduct by
           arguing to the jury that the evidence showed that he intentionally set the
15         fire because of his anger toward the house owner.  If the prosecutor made
           such an argument, it fell within the prosecutor's wide latitude to argue
16         reasonable inferences from the evidence.

17   (SCR, Exh. 4, at 2.)  Similarly, on direct appeal, the Court Commissioner for the Washington

18   Court of Appeals rejected Mr. Lezama's claim of prosecutorial misconduct:

19         As Lezama notes, it is not proper to comment on a defendant's guilt.  But
           the record that Lezama cites does not support his contention that this
20         occurred.  Nor does the remainder of the trial transcript.  As the record does
           not support this argument, it is rejected.
21   (SCR, Exh. 3, at 5.)

22   Mr. Lezama cannot specify any statements made by the prosecutor that suggest the state-

23   court rejection of Mr. Lezama's claim was incorrect let alone unreasonable.  (*See, e.g.*, SCR,

REPORT AND RECOMMENDATION- 12

Exh. 21, at 113–18, 126–30 (prosecutor's closing argument and rebuttal argument).)  The Court finds that the state-court adjudication of Claim 3 was not contrary to, or an unreasonable application of, established federal law, and was not an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)–(2).

### E.   Evidentiary Hearing

"[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Such is the case here.  Mr. Lezama is not entitled to an evidentiary hearing because the record refutes his factual allegations.

### F.   Certificate of Appealability

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue.  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Lezama not be issued a COA.  No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further.  Mr. Lezama should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## III.    CONCLUSION

The Court recommends that Mr. Lezama's 28 U.S.C. § 2254 habeas petition be **DENIED** and that this matter be **DISMISSED** with prejudice.  The Court need not hold an evidentiary hearing because the record refutes Mr. Lezama's factual allegations.  The Court recommends **DENYING** the issuance of a certificate of appealability.  A proposed order accompanies this Report and Recommendation

DATED this 18th day of October, 2010.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 14